## HODGES *v.* SAVANNAH KAOLIN COMPANY.

RUSSELL, C. J. 1. The statute of August 14, 1914 (Georgia Laws, 1914, p. 88) provides that no child under the age of fourteen years shall be employed by, or permitted to work in or about any mill, factory, laundry, manufacturing establishment, or place of amusement; and any person, agent, or representative of any firm or corporation violating any provision of this act, or any parent, guardian, or other person standing in parental relationship to any child, who

shall hire or place for employment or labor any such child under the age limits in any of the above establishments, shall be guilty of a misdemeanor.

2. Where in violation of the above statute a child under the age of fourteen years is employed in any of the prohibited establishments above named, and while so employed is killed, his mother, who is dependent upon him in whole or in part for a support, is not estopped from bringing an action for the recovery of the value of his life although the father is living, where she did not hire or place such child in such plant, otherwise than by knowing he worked there and by receiving his wages. Under such circumstances the mother would not be in pari delicto with the corporation in whose employment the child was when killed.

3. There was conflict in the evidence, and the verdict which was directed excluded reasonable deductions and inferences from testimony which might have authorized a different verdict.

*Judgment reversed. All the Justices concur.*

No. 3191.  FEBRUARY 20, 1923.

Certiorari; from Court of Appeals. 28 *Ga. App.* 406.

Minnie Hodges, alleging herself to be the mother of Ben Hodges, a boy thirteen years of age, brought an action for $7500 damages for his homicide, against the Savannah Kaolin Company. She alleged that she was dependent upon her deceased son, and that he contributed to her support; and her suit was based upon that part of section 4424 of the Code of 1910 which reads as follows: "A mother, or, if no mother, a father, may recover for the homicide of a child minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leave a wife, husband, or child. Said mother or father shall be entitled to recover the full value of the life of said child." The material allegations of the petition were substantially as follows: The defendant conducts a large clay mill and manufacturing plant in the county of Wilkinson, in which is situated machinery consisting of engines, boilers, pipes, refineries, belts, shaftings, pulleys, and troughs used in the process of preparing and manufacturing its clay products. In 1917, the defendant employed the child of the plaintiff, when he was eleven years of age, as a water-boy at $1 per day; and he worked in this position until July, 1919, when he was removed to the position of "cleaner of troughs" through which the clay products, kaolin, etc., of the defendant company were conveyed. This position paid him $1.25 per day. On November 11, 1919, the boy was assisting one Woodward, foreman of the plant, in placing

and adjusting a belt on the pulley of the central and main power-supplying shafting, which ran some eighteen feet from the ground, through the mill. The belt reached from the pulley and shafting to a sack-washer machine in the mill, thereby conveying power to the sack-washer machine. At the time of the homicide the machinery was in full motion with power from the steam of two boilers. The boy was commanded by an employee of the defendant corporation to place and adjust the belt on the pulley and shafting, in order that the power might be conveyed to the washer-machine, while the shafting and pulley were revolving at a rapid rate of speed. In obedience to the command of this employee, the boy climbed up the scaffold of scantlings and boards nailed to a post or pillar near the shafting and pulley upon which the belt was to be adjusted; and while the pulley and shafting were rapidly revolving, in the performance of his instructions and in an effort to adjust the belt, he reached out his hand from where he was perched, some eighteen feet from the ground, when his shirt-sleeve became caught and entangled in the pulley and shafting, drawing his arm and body into the machinery, turning his entire body over the revolving shafting, throwing his body and legs against a steam-pipe close to the pulley and shafting, mangling, twisting, and bruising his arms and body, breaking both legs, fracturing his skull, and so mutilating his body that he died within a few hours.

The plaintiff further alleged, that the child did not appreciate the danger incident to the powerful machinery in the mill, and the danger incident to the particular task to which the foreman had directed him, while the defendant company did know of the danger, and of the boy's minority, and his lack of appreciation of the danger, or by the exercise of ordinary care should have known thereof; that the boy was free from fault and negligence; that he was industrious; and that, in addition to his wages furnished the family for support, he did valuable labor about the home.

The negligence charged in the petition was: (a) employing the child and permitting him to work about the mill; (b) placing him in a dangerous employment and work, and in an unsafe place to work; (c) allowing him to be about the moving machinery, and failing to warn him of its danger; (d) commanding him to place and adjust the belt upon the rapidly revolving pulley and shafting.

The defendant company admitted that it conducted a mining plant and clay mill as alleged, and its residence; but denied. the other allegations, and averred that it was not negligent.

Upon the trial the plaintiff introduced evidence tending to show that the child was thirteen years of age; that she was his mother; that his father was living with the family; that the proceeds of the wages of the boy were delivered by the child to his mother, which she used in support of the entire family, including herself; that she knew the child worked at the plant of the defendant company, but she had not hired him to the defendant; that the defendant had powerful machinery in its plant; that its foreman had directed the boy to place the belt around the revolving pulley and shafting; that in an effort to obey the command the boy's arm was drawn into the machinery and the life was beaten out of his body. The Carlisle mortality table showing life expectancy, was admitted in evidence. The defendant introduced evidence to the effect that its foreman had not directed the child to do the dangerous task; that the mother of the boy had knowingly permitted him to work about the mill; and that she had stated to the superintendent that the boy was over sixteen years of age. This last statement the mother denied having made. At the conclusion of the evidence the court directed a verdict for the defendant. Exceptions pendente lite were allowed and filed. Upon motion the judge refused to grant a new trial, and the plaintiff carried the case by bill of exceptions to the Court of Appeals, assigning error also upon the exceptions pendente lite. The Court of Appeals affirmed the decision of the trial court (28 *Ga. App.* 406, 111 S. E. 441), and the plaintiff brought the case to the Supreme Court by certiorari.

*Sibley & Sibley,* for plaintiff.

*Harris, Harris & Witman, F. P. McIntire,* and *G. H. Carswell,* for defendant.